Filed 7/21/14  Dummett v. Bowen CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication** or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| JOHN ALBERT DUMMETT, JR., et al., | C073763 |
| Plaintiffs and Appellants, | (Super. Ct. No. 342012800001091CUWMGDS) |
| v. | |
| DEBRA BOWEN, as Secretary of State, etc., | |
| Defendant and Respondent. | |

In *Keyes v. Bowen* (2010) 189 Cal.App.4th 647 (*Keyes*), this court held that the California Secretary of State "does not have a duty to investigate and determine whether a presidential candidate meets [the] eligibility requirements of the United States Constitution."  (*Id.* at p. 651-652.)  Within two years of the *Keyes* decision, plaintiff John Albert Dummett, Jr., a write-in presidential candidate in the 2012 California Republican primary, and others (hereafter Dummett) commenced this mandamus proceeding, seeking a writ of mandate to require defendant Debra Bowen, as Secretary of State, to "require all candidates for the office of President of the United States provide sufficient proof of

1

eligibility prior to approving their names for the ballot" and to enjoin Bowen "from placing the names of candidates who have failed to so prove their eligibility on the 2012 California Presidential primary election ballot." Like the plaintiffs in *Keyes*, Dummett based his petition on the assertion that Bowen has a duty to "verify the eligibility of Presidential candidates." Dummett also asserted in his petition that Elections Code section 6901 is unconstitutional to the extent it requires the Secretary of State to place presidential candidates' names on the ballot without vetting their qualifications.[1]

The trial court sustained Bowen's demurrer without leave to amend. Because Dummett has shown no error in that ruling, we affirm.

FACTUAL AND PROCEDURAL BACKGROUND

In March 2012, Dummett filed a petition for writ of mandate "challeng[ing] the failure of . . . Bowen . . . to verify that all candidates for the office of President of the United States seeking to be placed on the California Presidential primary ballot are eligible for that office under the U.S. Constitution, Article II, Section 1, Clause 5."[2] He further asserted that "the language of California Elections Code [section] 6901, compelling the Secretary of State to place any candidate nominated by a political party on

---

[1] "Whenever a political party, in accordance with Section 7100, 7300, 7578, or 7843, submits to the Secretary of State its certified list of nominees for electors of President and Vice President of the United States, the Secretary of State shall notify each candidate for elector of his or her nomination by the party. *The Secretary of State shall cause the names of the candidates for President and Vice President of the several political parties to be placed upon the ballot for the ensuing general election.*" (Elec. Code, § 6901, italics added.)

[2] The United States Constitution provides that "[n]o person except a natural born citizen, or a citizen of the United States, at the time of the adoption of this Constitution, shall be eligible to the office of President." (U.S. Const., art. II, § 1, cl. 5.)

Dummett and Barnett's position is that President Obama is not a " 'natural born citizen' " because his father was not a United States citizen.

2

the ballot, without verifying that the candidate is eligible for the office, is in direct conflict with the requirements for Presidential eligibility in Article II of the United States Constitution."

Bowen demurred. The trial court sustained the demurrer without leave to amend. The court concluded that the petition "fail[ed] to state facts sufficient to constitute a cause of action because [the petition] requires the Court to find that the Secretary of State has a mandatory duty to make a determination of the eligibility of candidates in the presidential primary election. Such a determination is a matter that is not within the mandatory duties of the Secretary of State." In reaching this conclusion, the court relied largely on this court's decision in *Keyes*. The trial court also concluded that Elections Code section 6901 is not unconstitutional because that "contention is based on the theory that the Secretary of State has a legal duty, in this instance one that is alleged to be of constitutional origin, to determine the eligibility of candidates for President of the United States before their names may be placed on the ballot. As discussed above, no such legal duty exists."

From the resulting judgment of dismissal, Dummett appealed.

DISCUSSION

On appellate review of the sustaining of a demurrer without leave to amend, "[i]t is plaintiffs' burden to show either that the demurrer was sustained erroneously or that the trial court's denial of leave to amend was an abuse of discretion." (*Keyes*, *supra*, 189 Cal.App.4th at p. 655.) Because Dummett does not assert any error in the denial of leave to amend, the sole question before us is whether he has carried his burden of showing that the demurrer was sustained erroneously. To carry that burden, he must persuade us that the Secretary of State *does*, in fact, have a duty to investigate and determine whether a presidential candidate meets the eligibility requirements of the United States

3

Constitution.[3]  (See *Keyes*, at p. 657 [issuance of writ of mandamus requires " 'a clear, present and usually ministerial duty on the part of the respondent' "].)  He has not done so.

As we noted at the outset of this opinion, this court resolved the question of whether the Secretary of State has such a duty in *Keyes*, concluding that no such duty exists.  (*Keyes*, *supra*, 189 Cal.App.4th at pp. 651-652.)  Dummett does not persuade us that *Keyes* was wrongly decided.

In support of his assertion that the Secretary of State has the "power[] and dut[y]" to examine the qualifications of candidates for every office subject to election in the State of California, Dummett cites Government Code section 12172.5.  As we noted in *Keyes*, however, that statute provides only that "[t]he Secretary of State is charged with ensuring 'that elections are efficiently conducted and that state election laws are enforced . . . .' " (*Keyes*, *supra*, 189 Cal.App.4th at p. 658, quoting Gov. Code, § 12172.5, subd. (a).)  Nothing in that statute imposes, explicitly or implicitly, a clear and present duty on the Secretary of State to investigate and determine whether a presidential candidate meets the eligibility requirements of the United States Constitution.  (See *Keyes*, at pp. 659-660.)

As for Dummett's suggestion in his opening brief that the Secretary of State has a duty to investigate and determine whether a presidential candidate meets the eligibility requirements of the United States Constitution because some Secretaries of State have, in fact, done so, we find no merit in that argument.  As we stated in *Keyes*, just because a Secretary of State has "excluded a candidate who indisputably did not meet the eligibility

---

**3**  Given the nature of the constitutional challenge to Elections Code section 6901, it is not separate from the question of whether the Secretary of State has the duty Dummett claims because, as the trial court recognized, the statute would be unconstitutional only if it interfered with a constitutionally-based duty on the part of the Secretary of State to determine the eligibility of presidential candidates.  Because Dummett has failed to demonstrate the existence of any such duty, he has necessarily failed to show that Elections Code section 6901 is unconstitutional.

requirements does not demonstrate that the Secretary of State has a clear and present ministerial duty to investigate and determine if candidates are qualified before following the statutory mandate to place their names on the general election ballot." (*Keyes*, *supra*, 189 Cal.App.4th at p. 660.)

Finally apart from *Keyes*, we briefly address a recent case from the Ninth Circuit Court of Appeals, *Lindsay v. Bowen* (9th Cir. 2014) 750 F.3d 1061 that affirmed the dismissal of a case brought by a 27-year-old candidate for President of the United States whom the Secretary of the State of California (Bowen) omitted from the certified list of candidates generally recognized to be seeking their parties' nominations, because it was undisputed the candidate was not constitutionally eligible to be President because she too was young. *Lindsay* stands for the proposition that it does not violate the federal Constitution -- specifically, the First Amendment, the equal protection clause, and the Twentieth Amendment -- for the California Secretary of State to refuse to place on the ballot the name of a presidential candidate who admittedly was not qualified to serve as President.

The question in our case, however, is whether the California Secretary of State has a ministerial duty to investigate the qualifications of presidential candidates and to exclude those who do not qualify. The answer to that question is "no." The Secretary of State may have the power to exclude unqualified candidates from the ballot -- at least where the lack of qualification is patent and undisputed -- but that does not translate into a duty to investigate and determine qualifications, particularly when the matter of the qualification is in dispute.

5

## DISPOSITION

The judgment is affirmed.  Bowen shall recover her costs on appeal.  (Cal. Rules of Court, rule 8.278(a).)

                                                          ROBIE                , J.


We concur:


        BLEASE                , Acting P. J.


        DUARTE                , J.